**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 23, 2006[*]
Decided June 19, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-4564

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> CURTIS GRAVES, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 02 CR 127 <br><br> David F. Hamilton, <br> *Judge*. |

ORDER

After we affirmed Curtis Graves's conviction on two counts of distributing 50 or more grams of crack cocaine, we remanded for resentencing pursuant to *United States v. Schlifer*, 403 F.3d 849, 853-54 (7th Cir. 2005) (applying harmless error

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

standard where objection to *Booker* error was preserved at sentencing). *United States v. Graves*, 418 F.3d 739 (7th Cir. 2005).

At the original sentencing hearing, based upon the quantity of drugs sold, the district court found Graves's base offense level under the Sentencing Guidelines to be 34. The court then found Graves to be a career offender under U.S.S.G. § 4B1.1, which raised his offense level to 37. The court also decided Graves's criminal history fit into Category VI. Based upon these determinations, the court calculated Graves's sentencing range to be 360 months to life and imposed a sentence of 360 months' imprisonment on each count, to be served concurrently. We approved the court's application of the Guidelines in all respects but one: the court's mistaken belief that they were mandatory. *Graves*, 418 F.3d at 746.

On remand, the district court noted the Guidelines were advisory and adopted the PSR recommendations, which resulted in the same Guidelines calculation as the initial sentencing. The court again imposed two concurrent 360-month prison sentences, a $1,500 fine, and 5 years' supervised release. Graves does not contest the court's use of the Guidelines nor does he ask us to revisit any issues we previously addressed.

Graves argues that when the court applied the factors delineated in 18 U.S.C. § 3553(a), it gave insufficient consideration to the likelihood of Graves's rehabilitation under § 3553(a)(1)(D). Based upon our review of the resentencing record, the court conducted a thorough analysis of the § 3553(a) factors and spoke repeatedly of its opinion that Graves's prospects for rehabilitation were dim. The court decided a sentence at the bottom of the Guidelines range was warranted but, in light of other relevant considerations, not a sentence below the Guidelines range. The district court's calculation of the advisory Guidelines range was proper, and there is nothing unreasonable about this sentence at the bottom of that range. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Next, Graves maintains he was entitled to some sort of "*Palladino* hearing" where he could collaterally attack his conviction under 28 U.S.C. § 2255. The district court noted correctly that Graves refers not to the *Palladino* plain-error inquiry, but "to a different portion of the *Palladino* opinion which involved a similar argument about ineffective assistance of counsel that was treated as mature on direct appeal." Graves now argues that the scope of his hearing on remand was too narrow to accommodate his claim of ineffective trial counsel.

On remand, Graves was entitled to whatever benefits resentencing offered, but it was too late for him to supplement the trial record and premature for him to start down the habeas path. *See* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate

. . . the sentence."); *see also United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005) (collecting authority) (noting that habeas corpus, rather than direct appeal, is the preferred method to raise ineffective assistance of council issue because the trial record at that point may be supplemented and because the rules of procedural default were specially set aside by the Supreme Court).

Finally, Graves apparently claims that *Booker* entitled every defendant to time off the Guideline sentence, so that Graves's post-*Booker* sentence, which was identical to his pre-*Booker* sentence, violates the ex post facto clause. Not true. *See United States v. Long*, 425 F.3d 482, 487 (7th Cir. 2005) (citing *United States v. Booker*, 540 U.S. 220, 258-65 (2005)) (noting that after *Booker*, judges may impose longer sentences than the Guidelines would allow if they were mandatory so long as the sentence is reasonable).

Graves's sentence is summarily AFFIRMED.